Reese, J.
delivered the opinion of'the court.
Mayberry obtained judgments before a justice, against Neely and wife, upon bills single made by them, and he sued them and one Lee .in the Circuit Court, upon a bill single made by them, and obtained a judgment against Neely and the said Lee, the wife of said Neely in said suit being discharged upon the plea of coverture. Upon these judgments executions were issued, and returned nulla bona. This bill is filed to subject to the satisfaction of said judgments certain negro slaves, conveyed by Neely in a post-nuptial deed to Andrew Campbell, upon certain trusts for the benefit of himself and wife.
The complainant seeks to obtain. a decree upon three grounds.
1st. That the conveyance was fraudulent against creditors. This he has failed to make out by proof. He was not a creditor at the time of the conveyance, and it seems moreover to have been made fairly, and with no purpose to defraud creditors.
*338 2nd. Upon the ground, that if a wife had a separate property-in the negroes, that separate property was bound by her being a party to the bills single. But she became a party to them as a surety for Lee and for her husband, and for no beneficial object or contract of her own, and on the ground of coverture, therefore is not liable either in a court of law or in a court of equity.
But the complainant insists, in the third place, that by the proper construction of the limitations and trusts of the post-nuptial deed, the husband has an interest which he is entitled to subject in equity to the satisfaction of his judgment. This will depend upon the terms and meaning of the'deed itself. The trust in the said deed is, “That the said Andrew Campbell shall hold said property for the use and benefit of the said Thomas and the said Elizabeth Neely during their joint lives, and suffer them to use and enjoy the same: and if the said Thomas shall survive the said Elizabeth, then the said Andrew Campbell shall hold said property for the use and benefit of the said Thomas during his natural life, and suffer him to use and enjoy the same; and at his death shall convey the same to the next of kin of the said Elizabeth, who shall be capable of taking said Elizabeth’s property, by the law of distribution of this State, as if she had then died sole owner thereof, and in the same proportions; and if the said Elizabeth shall survive the said Thomas, then the said Andrew Campell shall, at the death of the said Thomas, convey to the said Elizabeth,” &c.The object and purpose, and the legal effect of this instrument, are most clearly not to convey any sole and separate interest in the property to the wife during the life of her husband, but to the wife, or her personal representatives. This is the whole object and the whole operation of the instrument.
It is argued, that if the husband were to sell the property for the term of his life, or if it were sold by operation of law for the payment of his debts, the wife would be deprived of her joint use and benefit in the property during their joint lives, contrary to the terms of the deed. But how does this appear? It may be for the use and benefit of the wife, that the husband should sell the property for his life; she may in that way bene *339 ficially enjoy the property in the proceeds of it; and if it be sold for the payment of his debts, it does not follow that such result may not be a very great benefit to the wife, and the best use for her of the property. If the instrument had not mentioned the husband at all, and had conveyed the property for the use and benefit of the wife, it would have enured, on well settled principles, to the .benefit of the husband, and been liable to the satisfaction of his debts, unless in the instrument there had been superadded words importing that the property was intended to be for the sole and separate use and benefit of the wife, exclusively of her husband: and a fortiori in this case, where the instrument expressly conveys the property in trust for the joint benefit and use of the husband and wife.
We have been referred, on the part of defendants, to the case of Hughes vs. Pledge and others, 1 Leigh’s Rep. 443. That was a marriage settlement case. It is very briefly disposed of by the court, and, whether correctly or not, it differs from this materially. The settlement was of slaves to the use of husband and wife during their joint lives; remainder to wife, if she survives; remainder to whomsoever- the wife shall appoint, if she dies before the husband; remainder, in default of such appointment, to husband for life, and after, to offspring of the marriage, to the intent that the property shall not be subject to the disposal, debts, contracts or engagements of husband.”
, These latter words may sustain the judgment of the court, that during the life of the wife the property was not liable to the husband’s debt.
The decree will be reversed, and so many of the slaves as' may be necessary to satisfy complainant’s judgments will be sold by the Clerk and Master for and during the life of the husband, the Clerk and Master taking from the purchaser or purchasers bonds with good sureties that the slaves shall be forthcoming at the death of the husband, and that in the meantime they shall not be taken beyond the limits of this State.